IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**COMMUNITY MARITIME PARK**
**ASSOCIATES, INC.,**

    **Plaintiff,**

v.                                          Case No. 3:11cv60/MCR/CJK

**MARITIME PARK DEVELOPMENT**
**PARTNERS, LLC,**

    **Defendant.**

_____/

## O R D E R

    Defendant has filed an Amended Motion For Recusal (doc. 20) of the undersigned presiding judge, arguing that "favoritism or a reasonable perception of favoritism" by the undersigned toward plaintiff exists in this case. Defendant's motion is based on the fact that the undersigned previously served as a law clerk to plaintiff's former Chairman of the Board, Senior United States District Judge Lacey Collier, and has since expressed respect and admiration for him. From these facts, defendant argues there is both actual bias and a "reasonable appearance of improper trust [by the undersigned] in the notable and publicly expressed negative views of Senior District Judge Lacey Collier toward the Defendant."

    In support of its motion, defendant has submitted the affidavit of Scott Davison, an employee of the defendant, in which Davison alleges in pertinent part that "[t]he presiding judge has referred to Judge Collier as a 'mentor' and 'formerly worked for Judge Collier.'" Davison further alleges "it has '*come to my attention that Judge Collier and current Federal District Judge M. Casey Rogers [sic] share a close and continuing personal and professional relationship over a long number of years*.'" Davison affidavit (emphasis in original). Davison alleges no personal knowledge of the relationship between the

undersigned and Judge Collier and instead relies on a January 2004 article published in the Academy For Trial Lawyer's Women's Caucus Journal, which contains an interview of the undersigned and reads in pertinent part as follows:

> "Judge Rodgers attended college in Pensacola, at the University of West Florida. She went to law school at California Western School of Law. She was an outstanding student and was granted an externship with the Ninth Circuit Court of Appeals and the Honorable David R. Thompson. She became fascinated with the judicial system at that time. Later, after completing law school, she was selected to serve as law clerk to the Honorable Lacey Collier, a federal district court judge in the Northern District of Florida.
>
> She had many opportunities during her approximately two and one-half year clerkship to see first-hand how the federal court system operated. She enjoyed seeing the skilled attorneys present their cases. She also realized that the system had a number of components essential to its success: the leadership of the judges, the dedication of the staff and courthouse personnel and the outstanding preparation by the litigants appearing in court.
>
> Her experiences in federal court, as both a student and clerk, were positive and challenging ones. She says that Judge Collier was not only an excellent mentor and teacher, but also an honorable and good judge. In large part, she credits her desire to pursue a judicial position to the experiences she had during her clerkship."

Davison suggests "it does not seem proper, given the close relationship between Judge Collier and Judge Rodgers, for her to decide matters in this case that may be influenced by his notably negative opinions toward MPDP." The undersigned disagrees.

In deciding a motion to recuse, courts must consider two competing policies. "The first is that courts must not only be, but must seem to be, free of bias or prejudice." *United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir.1986). The second is that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* If this occurred, "the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.* The law in the Eleventh Circuit is clear: "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Carter v. West Publ'g Co.*, No. 99-11959, 1999 WL

994997, * 2 (11th Cir. 1999) (quoting *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987)). Although judges should resolve any doubts in favor of disqualification, there must actually exist some reasonable doubt concerning the judge's impartiality. "If Congress had wanted judges to abandon all caution in deciding motions to recuse, they would have enacted a scheme of disqualification on demand." *Id*. Congress instead required that there exist a "reasonable doubt" as to a judge's impartiality, that is, it "must *reasonably* be questioned," before the judge must recuse himself. *Id.* This is because "'there is the need to prevent parties from manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.'" *Id.* (citing *FDIC v. Sweeney,* 136 F.3d 216, 220 (1st Cir. 1998)) (internal alterations omitted). As the Seventh Circuit has observed: "A judge who removes himself whenever a party asks is giving that party a free strike, and Congress rejected proposals . . . to allow each party to remove a judge at the party's option." *New York City Housing Dev. Corp. v. Hart,* 796 F.2d 976, 981 (7th Cir.1986).

Recusal is governed by two federal statutes: 28 U.S.C. § 144 and § 455, both of which are urged by defendant as a basis for recusal in this case.

## *28 U.S.C. § 144*

Section 144 provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"If an affidavit filed under section 144 is timely and technically correct, its factual allegations must be taken as true for purposes of recusal." *Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1019 (5th Cir.1981).[1] Once the motion is filed, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged. *Parrish v. Bd. of Comm'rs of the Ala. State Bar,* 524 F.2d 98, 100 (5th Cir.1975).[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

[2] *See* note 1, *supra.*

Case No.: 3:11cv60/MCR/CJK

Legal sufficiency is determined as a question of law on the basis of whether the affidavit sets out facts and reasons for the party's belief that the judge has a personal bias that "'give[s] fair support to the charge of a bent mind that may prevent or impede impartiality of judgment.'" *Id.* (quoting *Berger v. United States,* 255 U.S. 22, 33 (1921)). The legal question presented is determined by applying the reasonable man standard to the facts and reasons stated in the affidavit. *See id.*[3] Thus, "[t]o warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that a bias actually exists." *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir.2000), *cert. denied*, 531 U.S. 1191 (2001).

Accepting the facts in Davison's affidavit as true for the purposes of this motion, (*see Parrish,* 524 F.2d at 100; 28 U.S.C. § 144), the court finds those facts insufficient to support a motion to recuse for actual bias. The Davison affidavit contains no facts showing that the undersigned has an actual bias against or in favor of either party in this case. Nothing alleged even remotely suggests that the undersigned has any personal knowledge of the events in this case or personal association with any party. There are also no facts supporting Davison's reference to a "close personal friendship" between the undersigned and Judge Collier. Moreover, even if the facts showed a friendship, that alone would not be enough to demonstrate actual bias. *See Parish*, 524 F.2d at 101-02 (an allegation of a friendship between the presiding judge and parties, witnesses, and/or attorneys is not enough to show actual bias.). Finally, and notably, there are no facts showing that the undersigned has any knowledge of Judge Collier's personal opinions about the defendant or this case. Davison merely assumes, without any foundation whatsoever, that the

---

[3] In *Parrish,* the Fifth Circuit adopted the tripartite test of the Third Circuit for analyzing an affidavit filed pursuant to § 144:

(1) The facts must be material and stated with particularity;

(2) the facts must be such that, if true they would convince a reasonable man that a bias exists, and

(3) the facts must show the bias is personal, as opposed to judicial, in nature.

*Parrish,* 524 F.2d at 100.

Case No.: 3:11cv60/MCR/CJK

undersigned is aware of Judge Collier's views and opinions on this matter. Such speculation is insufficient to support a claim of actual bias.

Additionally, Davison's personal assertion that he has doubts about the undersigned's impartiality is irrelevant. Whether the facts would convince a reasonable person that bias exists is a legal question to be determined by the court, not the defendant. The standard is not whether a party has a doubt about a judge's impartiality, or even whether a reasonable person would have a doubt. The standard under 28 U.S.C. § 144 is clear: "The facts must be such that, if true, they would convince a reasonable person that bias exists." *Parrish*, 524 F.2d at 100. A mere doubt is insufficient.

### *28 U.S.C. § 455*

Defendant's motion fares no better under § 455. The standard of recusal under § 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo,* 223 F.3d at 1333. The relevant inquiry is "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan,* 49 F.3d 152, 156 (5th Cir.1995); see also *Byrne v. Nezhat*, 261 F.3d 1075, 1101 (11th Cir. 2001). In this case, a reasonable person, fully informed with all of these facts, would not have cause to entertain doubts about the undersigned's impartiality in this case. Therefore, recusal is not warranted under § 455.

Davison alleges that Judge Collier expressed negative views about the defendant while Judge Collier was plaintiff's Chairman of the Board; that the undersigned previously worked as Judge Collier's law clerk; and that seven years ago the undersigned was interviewed and commented that during her clerkship Judge Collier had been an excellent teacher and mentor and an honorable and good judge. Although Davison suggests in his affidavit that the undersigned's opinion of Judge Collier was an opinion she held at the time of the interview, that suggestion is not supported by the article.[4] Instead, it is evident from a reading of the article that the reference to Judge Collier as a mentor related to the

---

[4] The article is referenced in Davison's affidavit and attached to it as an exhibit.

Case No.: 3:11cv60/MCR/CJK

undersigned's perceptions of him *at the time she was a law clerk*, which was, according to the article, approximately ten years prior to the interview, or seventeen years before today. The affidavit is void of any facts supporting a current, or even recent, "close personal relationship" between the undersigned and Judge Collier.[5] And, as already noted, there are no facts showing that the undersigned has any knowledge of Judge Collier's opinions about the defendant or its relationship to the plaintiff. Given these facts, and the absence of facts, a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person, would not have a significant doubt about the undersigned's impartiality. *See Jordan,* 49 F.3d at 156.

Accordingly, Defendant's Amended Motion For Recusal (doc. 20) is DENIED.

**DONE and ORDERED** this 14th day of March, 2011.

        s/ *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**

---

[5] That fact alone still would not be enough to support disqualification. *See Carter v. West Publ'g Co.*, No. 99-11959, 1999 WL 994997 (11th Cir. 1999).

Case No.: 3:11cv60/MCR/CJK