# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**COMMUNITY MARITIME PARK**
**ASSOCIATES, INC.,**

    **Plaintiff,**

**v.**                                                                 **Case No. 3:11cv60/MCR/CJK**

**MARITIME PARK DEVELOPMENT**
**PARTNERS, LLC,**

    **Defendant.**
_____/

## ORDER

    Pending before the court are the parties' briefs regarding the continued viability, if any, of Defendant Maritime Park Development Partners, LLC's ("MPDP") counterclaim, alleging Plaintiff Community Maritime Park Associates, Inc. ("CMPA") violated Florida's Local Government Prompt Payment Act ("Prompt Pay Act" or "the Act"), Fla. Stat. § 218.71-218.80.[1] Having fully considered the matter, the court concludes that the Prompt Pay Act counterclaim is moot, as previously determined.

    In the Prompt Pay Act counterclaim, MPDP generally alleges that the parties entered into a valid and existing development agreement, that MPDP provided services pursuant to the agreement, and that CMPA failed to pay or enter into dispute resolution, as required by the Prompt Pay Act. At the summary judgment stage, the court concluded that the counterclaim was moot in light of the court's determination that the contract is void for a material violation of the competitive award statutes.

---

[1] The issue was discussed at the pretrial conference, and the court instructed the parties to brief the issue.

MPDP nonetheless argues that the counterclaim remains viable because it is a "vendor" under the terms of the Act even in the absence of a valid construction contract. MPDP argues that the Act requires payment on MPDP's invoices because CMPA waived any objections by failing to engage in dispute resolution, as required by the Act and that waiver of objections in this circumstance is confirmed by legislative history. MPDP also asserts that there is no allegation that any work was performed poorly.

CMPA argues that it is incredible for MPDP to take the position that its Prompt Pay Act claim is viable in the face of the void contract and the court's prior order finding that the claim was moot. CMPA also argues that MPDP misconstrues the language of the Act, and that, in any event, CMPA did comply by timely objecting to payment and filing suit alleging the contract was void.

The plain language of the Prompt Pay Act suggests that its purpose is to require timely payment and avoid objections to invoices that fail to comply with statutory and contractual requirements, not to create a right to payment on a void public contract. The express purpose of the Act is to provide prompt or timely payment by local governments with interest on late payments, and to provide for a dispute resolution process. Fla. Stat. § 218.71. The statute defines several terms, including "proper request" with regard to construction services, which must conform with all statutory and contractual requirements; "proper invoice," which is an invoice conforming with all statutory requirements and requirements specified as required to be included by the contract for the project for which the invoice is submitted; and "vendor," which means any person who sells goods or services directly to a local governmental entity. Fla. Stat. § 218.72. Although the statute provides that objections to an "improper invoice" may be waived by not engaging in dispute resolution, CMPA argues that MPDP misconstrues the term "improper invoice" by the suggestion that objections to a void contract could be waived in this manner, and that the statute appears to be addressing the form of the invoice, not the validity of the underlying liability. Based on the language of the statute, the court agrees. Because no legal rights can arise from a void contract, it would be incongruous at best, or nonsensical at worst, to construe the statute as permitting a vendor to submit and be paid by a local government

on an invoice for work performed on a public contract later determined to be void for violation of public policy.

Accordingly, the defendant's renewed request to proceed on Count One of the counterclaim, which is based on the Local Government Prompt Payment Act, is denied.

**DONE and ORDERED** this 22nd day of January, 2013.

    *s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**